IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Alton Waddell El, )
    Petitioner, )
 )
v. )   1:11cv475 (TSE/IDD)
 )
Warden of the Pocahontas )
State Correctional Center, )
    Respondent. )

MEMORANDUM OPINION

Alton Waddell El, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction following a bench trial in the Circuit Court for the City of Portsmouth, Virginia. On November 18, 2011, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

**I. Background**

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for the City of Portsmouth entered on April 24, 2008. Following a bench trial, petitioner was convicted of possession with intent to distribute heroin and assault on a law enforcement officer. CR07001796-02 and -03. The convictions also violated petitioner's probation. The court sentenced petitioner to a total of eighteen and one half years in prison.

Petitioner appealed to the Court of Appeals of Virginia, arguing the evidence was

insufficient to support his convictions. The Court of Appeals denied the appeal on December 11, 2008. R. No. 1109-08-1. Petitioner sought further review in the Supreme Court of Virginia, which refused the appeal on November 20, 2009. R. No. 090982. Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on April 26, 2010. On December 21, 2010, petitioner filed a state petition for writ of habeas corpus in the Supreme Court of Virginia. On March 14, 2011, the court dismissed the petition because it was untimely pursuant to Virginia Code § 8.01-654.

On March 23, 2011, petitioner filed the instant federal habeas petition, raising the following claims:

> (1) The Virginia Supreme Court erred by dismissing his state habeas petition as untimely pursuant to Va. Code § 8.01-654(A)(2). Petitioner argues that his conviction did not become final until the Supreme Court of the United States denied his petition for certiorari on April 26, 2010. Therefore, petitioner argues he had until April 26, 2011, to file his state habeas petition. Pet. at 8, 24-27, ECF No. 5-1.
>
> (2) The evidence was insufficient to establish the essential element of "intent" to support the conviction of possession with intent to distribute. Id. at 10, 27-34.
>
> (3) Trial counsel was ineffective for failing to investigate and failing to present mitigating evidence from petitioner's medical records. Id. at 12, 34-40.
>
> (4) Trial counsel was ineffective for failing to investigate the chain of custody. Id. at 14, 40-43.
>
> (5) Petitioner's right to confrontation was violated when a certificate of analysis was admitted without the analyst's testimony. Id. at 16, 43-45.
>
> (6) Appellate counsel rendered ineffective assistance of counsel for a procedural default for failing to raise a non-frivolous constitutional claim on direct appeal. Id. at 17, 45-48.

    (7) Whether appellate counsel's errors for a procedural default denied petitioner an opportunity for a full and fair litigation of a Fourth Amendment claim upon direct review. Id. at 18, 48-52.

## II. Procedural Default

Where a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Under these principles, all of petitioner's claims are procedurally defaulted. Petitioner raised claims (2)-(7) in his state habeas petition, which the Supreme Court of Virginia dismissed as untimely pursuant to Va. Code § 8.01-654(A)(2). The Fourth Circuit has held that the procedural default rule set forth in § 8.01-654(A)(2) constitutes an adequate and independent state-law ground for decision. Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). Thus, this petition must be dismissed as procedurally defaulted unless petitioner establishes cause and prejudice for the default or demonstrates that dismissing the petition would result in a fundamental miscarriage of justice.

Petitioner argues that the Virginia Supreme Court erred in dismissing his state habeas petition as untimely because his direct appeal did not become final until the United States Supreme Court denied his petition for certiorari on April 26, 2010. Although petitioner raises this argument as an independent claim in his petition, it is clear that he intends to assert it as cause and prejudice for excusing his procedural default in the Supreme Court of Virginia.[1] See Pet. at 8.

Section § 8.01-654(A)(2) provides that "a habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." § 8.01-654(A)(2) (emphasis added). The statute unambiguously specifies that the state limitations period begins to run at the conclusion of direct appeal "in the state court." Lebedun v. Baskerville, No. Civ. A. 01-683-AM, 2001 WL 34042646, at*5, (E.D. Va. Dec. 27, 2001). And, it is well-settled that "unlike the federal habeas statute, which has been interpreted as allowing a 90-day grace period for seeking

---

[1] Even if petitioner's argument were considered a freestanding claim, it would be barred from federal habeas review. Petitioner failed to exhaust the claim in the Supreme Court of Virginia on either direct appeal or state habeas review. Nevertheless, the claim is exhausted for federal purposes because "a claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it in state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Further, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). In this case, if petitioner now attempted to present his claim to the Supreme Court of Virginia, it would be untimely pursuant to § 8.01-654(A)(2). Because the procedural default rule in § 8.01-654(A)(2) is an adequate and independent state-law ground for decision, Weeks v. Angelone, 176 F.3d at 273, petitioner's claim would be simultaneously exhausted and procedurally defaulted from federal habeas review.

certiorari in the United States Supreme Court as part of the 'direct appeal process,' the direct appeal process under the Virginia statute ends with the Supreme Court of Virginia." White v. Johnson, No. 2:05cv365, 2006 WL 2520113, at *4 n.15 (E.D. Va. Aug. 25, 2006); accord Sample v. Johnson, No. 7:07-cv-00257, 2007 WL 1747161, at *1 n.1 (W.D. Va. June 18, 2007) ("In Virginia, the filing of a petition for writ of certiorari to the United States Supreme Court does not toll the statute of limitations."), Matthews v. Johnson, No. 2:06cv173, 2007 WL 315772, at *4 (E.D. Va. Jan 30, 2007) ("[Virginia's] procedural requirement concerning the filing of a state habeas corpus petition . . . does not turn on whether or not a petitioner has applied for certiorari from the United States Supreme Court."). Accordingly, petitioner's direct appeal became final on November 20, 2009, the date on which the Virginia Supreme Court denied his petition for appeal. Therefore, petitioner had until **November 20, 2010** to timely file a state habeas petition. Because petitioner did not submit the state habeas petition until December 21, 2010 the petition was untimely and petitioner's argument to the contrary is incorrect. Consequently, this petition must be dismissed as procedurally defaulted.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted and this petition must be dismissed as procedurally defaulted. An appropriate order shall issue.

Entered this 2nd day of April 2012.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge